**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **JW Resources, Inc.,** | ) | **Case No. 15-_____ (____)** |
| | ) | |
| | ) | **Honorable _____** |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Straight Creek Coal Company, Inc.,** | ) | **Case No. 15-_____ (____)** |
| | ) | |
| | ) | **Honorable _____** |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **SCRB Properties, Inc.,** | ) | **Case No. 15-60821** |
| | ) | |
| | ) | **Honorable _____** |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **SCRB Processing, Inc.,** | ) | **Case No. 15-_____ (____)** |
| | ) | |
| | ) | **Honorable _____** |
| **Debtor.** | ) | |
| | ) | |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 1015(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

**("JOINT ADMINISTRATION MOTION")**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")[1], by their undersigned proposed counsel, hereby move this Court (the "**Motion**") for entry of an order (the "**Order**"), in substantially the form attached hereto as **Exhibit B**, granting joint administration of their respective chapter 11 cases. In support of the Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

3. The Debtors commenced chapter 11 cases under which they are seeking joint administration (the "**Chapter 11 Cases**"), by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on June 28 and 30, 2015 (collectively, the "**Petition Date**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): JW Resources, Inc. (6400), Straight Creek Coal Mining, Inc. (9073), SCRB Properties, Inc. (1609), and SCRB Processing, Inc. (6470).

and managing their affairs as debtors-in-possession. As of the date hereof, no creditors' committee, trustee or examiner has been appointed in the Chapter 11 Cases.

4. The Debtors are U.S. producers of thermal coal with mineral reserves, mining operations and coal properties located in the Central Appalachian ("**CAPP**") regions of Kentucky. By and/or through these operations, the Debtors supply different qualities of coal to its customers.

5. JW Resources, Inc. ("**JW Resources**") is the parent and sole shareholder of SCRB Properties, Inc., Straight Creek Coal Mining, Inc. and SCRB Processing, Inc.

6. JW Resources acquired its assets and business operations from Xinergy Corp. in February 2013 (the "**Straight Creek Acquisition**"). The Debtors' business operations comprise what is known as the "Straight Creek" operations located in Bell, Leslie and Harlan Counties, Kentucky, and the "Red Bird" operations located in Bell, Leslie, Knox, and Clay Counties, Kentucky.

7. Following the Straight Creek Acquisition, there has been a decrease in the demand for coal and a dramatic increase in the cost of mining and processing coal, due in part to burdensome governmental regulations, with the spot price of coal per ton decreasing by 26% through April 2015. These factors have contributed to the Debtors' inability to service its secured debt and to sustain its business operations outside of the protections of the Chapter 11 Cases.

8. The Debtors have been unable to obtain needed additional funding from their existing secured lenders, equity holders or other third-parties. In order to maximize the value of the Debtors' assets for the benefit of all stakeholders, the Debtors retained Energy Ventures Analysis, Inc. ("**EVA**") as their investment bankers to pursue a sale of substantially all of the

assets of the Debtors as part of the Chapter 11 Cases. Accordingly, the Debtors have filed a motion seeking to sell substantially all of their assets through an open auction process under section 363 of the Bankruptcy Code.

9. Additional information regarding the Debtors' businesses, capital structure, the circumstances leading to the Chapter 11 Cases are contained in the Debtors' Declaration in Support of First Day Motions (the "**First Day Declaration**").

## RELIEF REQUESTED

10. In order to optimally and economically administer the Debtors' pending Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to JW Resources, Inc. Pursuant to Bankruptcy Rule 1015(b), "(i)f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

11. The Debtors are "affiliates" as such term is defined in section 101(2)(B) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b) because the Debtors share entities that directly or indirectly owns, controls or holds with power to vote 20% or more of the outstanding voting securities of the Debtors. JW Resources is directly owned by Bayside JW Investors, LLC, which owns approximately 74.4% of said debtors. JW Resources owns 100% of the stock of Straight Creek, SCRB Properties and SCRB Processing. Accordingly, joint administration of these bankruptcy cases is appropriate pursuant to Bankruptcy Rule 1015(b). A copy of the Debtors' organizational chart is attached hereto as **Exhibit A** and incorporated herein by reference.

12. Many of the motions, hearings, and orders that will arise in the Chapter 11 Cases will jointly affect each Debtor. By jointly administering the Chapter 11 Cases, the Debtors will

be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

13. Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Chapter 11 Cases because this Motion requests only administrative, not substantive, consolidation of the estates. For example, any creditor may still file a claim against a particular Debtor or its estate, or all of the Debtors and their respective estates. Thus, all of the Debtors' creditors will benefit from the reduced costs as a result of such joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee will be simplified.

14. Based on the foregoing, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and all parties-in- interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 11-_____ (\_\_\_)** |
| **JW RESOURCES, INC.,** *et al.*, | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| **Debtors.** | ) | |

15. The Debtors also request that a docket entry be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases commenced by JW Resources, Inc., Straight Creek Coal Mining, Inc., SCRB Properties, Inc., SCRB Processing, Inc. The docket in Case No. 15-_____(____) should be consulted for all matters affecting the above listed cases.

16. In the event the Debtors are required to file such reports, the Debtors also seek authority to file monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and would accurately reflect the Debtors' consolidated business operations and financial affairs.

17. Finally, the Debtors request that any creditor filing a proof of claim against any of the Debtors or their respective estates be required to file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

## NOTICE

18. No trustee or examiner has been appointed in these cases. Notice of this Motion has been given to (i) the Office of the United States Trustee for the Eastern District of Kentucky; (ii) the Debtors' 20 largest unsecured creditors on a consolidated basis; (iii) GB Credit Partners, LLC; (iv) counsel for GB Credit Partners, LLC; (v) Bayside JW Resources, LLC; (vi) counsel for Bayside JW Resources, LLC; (vii) all parties asserting a security interest in the assets of the Debtors to the extent reasonably known to the Debtors, i.e., GB Credit Partners, LLC, Bayside JW Resources, LLC, Bill Miller Equipment Sales, Inc., Komatsu Financial Limited Partnership; (viii) all parties to equipment leases with the Debtors to the extent reasonably known to the Debtors; (ix) all parties asserting a surety bond interest in the assets of the Debtors to the extent reasonably known to the Debtors, i.e.,

Smith Manus Surety Bonds, Commonwealth of Kentucky, Energy and Environment Cabinet, Department of Natural Resources, Commonwealth of Kentucky, Energy and Environment Cabinet, Division of Mine Reclamation and Enforcement, Kentucky Utilities, Cumberland Valley Electric, Inc., United States of America, Department of the Interior, Bureau of Land Management, Bond Safeguard Insurance Co., Lexon Surety Group; (x) all parties asserting a taxing interest in the assets of the Debtors to the extent reasonably known to the Debtors, i.e. Kentucky Department of Revenue, Kentucky Workers Compensation Fund, Kentucky Department of Natural Resources, Tennessee Department of Revenue, US Department of Treasury, and US Department of Interior-Office of Surface Mining; (xi) counsel to any party in pending litigation with the Debtors; and (xii) those entities specifically affected by a specific motion. Because of the exigencies of the circumstances and the irreparable harm to the Debtors that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given. **Please take notice that the Debtor has filed a Motion for an Expedited Hearing to consider First Day Motions, including the foregoing.**

## NO PRIOR REQUEST

19. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) authorizing the joint administration of these Chapter 11 Cases under the case number assigned to JW Resources, Inc., and (ii) granting such other and further relief as this Court deems appropriate.

Dated:    June 30, 2015                           Respectfully submitted,

                                                  **FROST BROWN TODD LLC**

                                              By: */s/ Paige L. Ellerman*
                                                  Ronald E. Gold, Esq.
                                                  (Ohio Bar No. 0061351)
                                                  Douglas L. Lutz, Esq.
                                                  (Ohio Bar No.0064761)
                                                  Paige L. Ellerman, Esq.
                                                  (KY Bar No. 0088172)
                                                  3300 Great American Tower
                                                  301 East Fourth Street
                                                  Cincinnati, Ohio 45202
                                                  Tel:  (513) 651-6800
                                                  Fax:  (513) 651-6981
                                                  E-mail:  rgold@fbtlaw.com
                                                  E-mail: dlutz@fbtlaw.com
                                                  E-mail: pellerman@fbtlaw.com

                                                  -and-

                                                  Adam R. Kegley, Esq.
                                                  250 West Main Street, Suite 2800
                                                  Lexington, Kentucky  40507
                                                  Tel: (859) 231-0000
                                                  Fax: (859) 231-0011
                                                  E-mail: akegley@fbtlaw.com


                                                  **PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**